UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>PUALA STEINLO,<br><br>Defendants. | No. 2:14-cv-02810 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

The only named defendant in this action is Puala Steinlo,[1] a public defender who represented plaintiff in a criminal matter. ECF No. 1. Plaintiff alleges, in effect, that she provided him ineffective assistance of counsel. Plaintiff has also requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and appears to qualify for such status. ECF No. 2. However, the court will not assess a filing fee at this time. Instead, it will be recommended that the petition be summarily dismissed.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled

---

[1] Defendant was identified by plaintiff as "Sacramento County Public Defender employee Puala Steinlo." ECF No. 1.

1

on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Public defenders do not act under color of state law for purposes of § 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).

This court finds that plaintiff has failed to state a claim under § 1983 because the only named defendant was not acting under color of state law.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice.  <u>See</u> Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE